IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| SILVERTON MOUNTAIN GUIDES LLC, an Alaska limited liability company,<br><br>          Plaintiff,<br><br>    vs.<br><br>U.S. FOREST SERVICE, an agency of the U.S. Department of Agriculture,<br><br>          Defendant,<br><br>  and<br><br>PULSELINE ADVENTURE, LLC,<br><br>          Defendant-Intervenor. | Case No. 3:22-cv-00048-JMK<br><br>**ORDER DENYING MOTION TO STRIKE PLAINTIFF'S OPENING BRIEF IN PART** |

Pending before the Court at Docket 56 is Defendant U.S. Forest Service's (the "Forest Service") *Motion to Strike Plaintiff's Opening Brief in Part*. Plaintiff Silverton Mountain Guides LLC responded in opposition at Docket 62. The Forest Service replied at Docket 69. For the following reasons, the Forest Service's Motion is DENIED.

# I. BACKGROUND

This action arises from an Administrative Procedure Act ("APA") challenge to the Forest Service's decision not to select for further processing Plaintiff's proposal to provide helicopter skiing services in the Chugach National Forest.[1] The factual allegations and procedural history of this case are set forth in detail in the Court's October 31, 2022, Order Granting in Part and Denying in Part Plaintiff's Motion to Supplement the Administrative Record.[2] The Court assumes familiarity. As relevant here, the Forest Service filed its administrative record (the "Administrative Record" or "AR") on July 18, 2022, which included, among other things, a largely redacted document containing scores assigned from an evaluation panel to various criteria upon which the Forest Service evaluated Plaintiff and other applicants' proposals.[3] The redactions obscured the contents of a number of columns on the scorecards, including a column containing the average of the scores the application evaluators assigned in relation to each evaluation criterion (the "Average Evaluator Scores").[4]

As part of a Court-ordered meet-and-confer process intended to resolve disagreements concerning the Administrative Record's completeness, the parties met and exchanged emails and letters to discuss a number of documents Plaintiff sought to include

---

[1] *See generally* Docket 1.
[2] Docket 45.
[3] AR at 1934–59. This portion of the Administrative Record is located at Docket 23-25. The Administrative Record is located in several docket entries due to issues with its initial and subsequent filings and its supplementation in response to the Court's prior order. Docket 23; Docket 25; Docket 26; Docket 42; Docket 46 (Sealed). In the interest of simplicity, this order refers to documents in the Administrative Record only by "AR," followed by the Bates-stamped number provided in the bottom right-hand corner of the documents.
[4] AR at 1934–59.

*Silverton Mountain Guides LLC v. U.S. Forest Service et al.*   Case No. 3:22-cv-00048-JMK
Order Denying Motion to Strike                                                    Page 2

Case 3:22-cv-00048-JMK   Document 71   Filed 04/21/23   Page 2 of 11

within the Administrative Record.[5] During those discussions, the Forest Service agreed to provide some of the materials Plaintiff requested, but withheld others, claiming that privacy and confidentiality concerns and the deliberative process privilege justified such non-disclosure.[6] The disclosed documents, which the Forest Service provided to Plaintiff and Intervenor-Defendant Pulseline Adventure LLC ("Pulseline"), included a partially unredacted copy of the evaluation panel's scores that revealed, for each applicant, the total average score across all categories and the Average Evaluator Scores for each criterion.[7] The Forest Service provided this document on August 11, 2022, after it had designated the Administrative Record, but before Plaintiff filed its motion to supplement the Administrative Record.[8] In the cover email providing this document, the Forest Service's counsel made no express reference to the Administrative Record, but stated the following: "Thank you again for your patience here. Attached are the scorecards with the aggregate scores unredacted."[9] The provided document maintained the same Bates-stamped pagination found in the more heavily redacted version contained in the Administrative Record filed with the Court, but the Forest Service did not file the provided document with the Court.[10] As a result, the version of the previously filed document with the redacted Average Evaluator Scores remained the version on file with the Court.[11]

---

[5] *See* Docket 19 at 2 ¶ 2 (ordering meet-and-confer process preceding motion to supplement Administrative Record); Docket 62-3 (letters and emails); Docket 65-1 (email) (sealed).
[6] Docket 62-3 at 4–5.
[7] Docket 65-1.
[8] *Id.* at 1.
[9] *Id.*
[10] *See generally id.*
[11] Docket 23-25.

*Silverton Mountain Guides LLC v. U.S. Forest Service et al.*     Case No. 3:22-cv-00048-JMK
Order Denying Motion to Strike     Page 3

Case 3:22-cv-00048-JMK   Document 71   Filed 04/21/23   Page 3 of 11

Five days later, on August 16, 2022, Plaintiff filed its motion to supplement the Administrative Record, requesting an order that the Forest Service supplement the Administrative Record with, among other things, unredacted versions of the evaluation panel's findings, recommendations, notes, and checklists.[12] Plaintiff's motion did not expressly seek to supplement the Administrative Record with the unredacted Average Evaluator Scores.[13] Plaintiff noted in its motion that, "[e]xcept for the panel's aggregate scores awarded to the applicants, the Forest Service has redacted nearly everything about the panel's conclusions."[14] Because Plaintiff's motion did not contain a request related to the Average Evaluator Scores, the Court's order on Plaintiff's motion—which denied Plaintiff's request to supplement the Administrative Record with unredacted versions of the evaluation panel's findings, recommendations, notes, and checklists—did not address these scores.[15]

On December 21, 2022, Plaintiff filed its opening brief, which discloses in unredacted form, and contains references to, some of the Average Evaluator Scores awarded to Pulseline and non-party applicant Points North Heli-Adventures, Inc. ("Points North").[16] Contending that this information is protected by the deliberative process

---

[12] Docket 32 at 8.
[13] *See generally id.*
[14] *Id.* at 3.
[15] *See generally* Docket 45. The Court's order found that the deliberative process privilege applied to the evaluation panel's findings, recommendations, notes, and checklists and that no recognized exception to or exemption from the privilege applied to justify disclosure of those materials. *Id.* at 14–32.
[16] Docket 52-1 at 11, 20–21, 25–31 (sealed).

*Silverton Mountain Guides LLC v. U.S. Forest Service et al.*     Case No. 3:22-cv-00048-JMK
Order Denying Motion to Strike     Page 4
Case 3:22-cv-00048-JMK    Document 71    Filed 04/21/23    Page 4 of 11

privilege and not found in the Administrative Record filed with the Court, the Forest Service moves to strike this information from Plaintiff's brief.[17]

## II. DISCUSSION

The fundamental issue resulting in the instant motion is a lack of clear communication and attention to detail from counsel for both Plaintiff and the Forest Service. The Court recognizes that counsel for both parties likely manage heavy caseloads and must balance many time-sensitive matters, but it is unfortunate and inexcusable that the parties and the Court had to spend time and resources resolving a dispute involving not interpretation or application of the law, but instead interpretation of ambiguous written exchanges between sophisticated counsel. In reviewing the parties' correspondence, the Court finds that counsel for Plaintiff should have—*before* filing the motion to supplement the Administrative Record in August 2022—clarified their understanding that the Forest Service's provision of the unredacted Average Evaluator Scores constituted an agreement to supplement the Administrative Record with that information.

That said, there appears to be only one reasonable way to interpret the Forest Service's provision of the partially unredacted document containing the Average Evaluator Scores, which is that the Forest Service agreed to include the unredacted information in the Administrative Record and allow the parties to rely on it in their briefing.[18] The entirety

---

[17] Docket 56 at 1–2.
[18] This is not to say that, upon noticing that the Forest Service did not formally supplement the Administrative Record with the unredacted Average Evaluator Scores when it filed the updated Administrative Record in November 2022, counsel for Plaintiff should not have reached out to counsel for the Forest Service to point this out. To the contrary, counsel for Plaintiff should have done so, and they should have done so *before* citing this information in the opening brief.

*Silverton Mountain Guides LLC v. U.S. Forest Service et al.*　　　　　　　　　　　Case No. 3:22-cv-00048-JMK
Order Denying Motion to Strike　　　　　　　　　　　　　　　　　　　　　　　　　　　Page 5

Case 3:22-cv-00048-JMK　　Document 71　　Filed 04/21/23　　Page 5 of 11

of the parties' discussions resulting in the production of this document occurred during the parties' meet-and-confer process to determine the completeness of, and any related disputes concerning, the Administrative Record.[19] This was the purpose of the Court-ordered meet-and-confer process.[20]

Consistent with this purpose, the letter from Plaintiff that appears to have kickstarted this process plainly states in its third sentence: "The Court ordered our client to meet and confer with the U.S. Forest Service (USFS) to resolve, if possible, any disagreement *about the completeness of the proposed administrative record* before filing any motion to supplement."[21] The Forest Service's response thanked Plaintiff for its "efforts to meet and confer *regarding the contents of the agency record* at the outset of this litigation."[22] At the conclusion of this process, before Plaintiff filed its motion to supplement the Administrative Record, the Forest Service provided the unredacted Average Evaluator Scores.[23] It is difficult to imagine any other reason why the Forest Service would provide these scores to Plaintiff if not to accede to Plaintiff's request to include them in the Administrative Record. Implicit in such request was the reasonable expectation that Plaintiff would cite to the Average Evaluator Scores in its merits brief. There is no indication that this expectation was unjustified or conjured in bad faith to

---

[19] *See generally* Docket 62-3.
[20] *See* Docket 19 at 2 ¶ 2 ("Pursuant to Local Civil Rule 16.3(b)(2), provision is made for a motion to supplement the agency record. Before filing any such motion, plaintiff must meet and confer with defendants to resolve, if possible, any disagreement about the completeness of defendants' proposed administrative record.").
[21] Docket 62-3 at 1 (emphasis added) (citing Docket 19 at 2 ¶ 2).
[22] Docket 62-3 at 4 (emphasis added).
[23] Docket 65-1.

*Silverton Mountain Guides LLC v. U.S. Forest Service et al.*        Case No. 3:22-cv-00048-JMK
Order Denying Motion to Strike        Page 6

Case 3:22-cv-00048-JMK  Document 71  Filed 04/21/23  Page 6 of 11

improve Plaintiff's litigation position at the Forest Service's expense, as Plaintiff noted in its motion to supplement that the Forest Service had removed redactions from "the panel's aggregate scores awarded to the applicants."[24] Had Plaintiff believed the Forest Service did not intend to supplement the Administrative Record with the Average Evaluator Scores, it appears virtually certain that Plaintiff would have addressed the scores in its motion to supplement given the array of information with which Plaintiff sought to supplement the record. Now that the deadline for filing a motion to supplement the Administrative Record has passed, Plaintiff has no recourse to attempt to supplement further the Administrative Record with the Average Evaluator Scores.

Counsel for the Forest Service claims it intended to provide the unredacted scores "only for Plaintiff's consideration as to whether or not to move to supplement the record with this information."[25] However, counsel for the Forest Service did not state this somewhat incredulous understanding in its cover email or any other documented correspondence. Nor is there any indication that the Forest Service provided unredacted versions of any other documents for this purpose. Although counsel for Plaintiff indicated via email that Plaintiff sought an extension of the deadline to move to supplement the Administrative Record "to allow [Plaintiff] a short amount of time to review the newly disclosed documents to determine whether to move to supplement," this statement reasonably can be read to suggest that Plaintiff would review the information the Forest Service disclosed (*e.g.*, the Average Evaluator Scores) to determine whether it would seek

---

[24] Docket 32 at 2.
[25] Docket 69 at 6.

*Silverton Mountain Guides LLC v. U.S. Forest Service et al.*     Case No. 3:22-cv-00048-JMK
Order Denying Motion to Strike     Page 7

Case 3:22-cv-00048-JMK    Document 71    Filed 04/21/23    Page 7 of 11

to supplement the Administrative Record with *additional* information, which Plaintiff subsequently did.[26] Had the Forest Service sought to disclose the Average Evaluator Scores, yet continue to withhold them from the Administrative Record, counsel should have—and easily could have—specified as such in the email transmitting the partially unredacted document or, better yet, raised its intention before providing the document. Counsel failed to do so, and the Court will not excuse such failure post hoc by restricting Plaintiff's ability to cite to this information.[27]

Additionally, the Forest Service argues that the Court should not allow supplementation at this point because the deadline to supplement the Administrative Record pursuant to Local Civil Rule 16.3 has passed and a party must follow the procedures set forth in that rule to supplement an administrative record.[28] The Forest Service suggests that a formal motion or stipulation filed with the Court is needed to supplement an administrative record.[29] The deadline may have passed, and counsel for Plaintiff *should* have sought a formal stipulation or express agreement from the Forest Service before assuming the Forest Service's email constituted an implicit agreement to supplement the record. Still, the Court has broad discretion in how it interprets and applies its local rules and should do so to "promote the just[,] efficient, speedy, and economical determination of every action and proceeding."[30] It would be inefficient and unjust to bar Plaintiff from

---

[26] *See* Docket 62-3 at 13 (email from counsel for Plaintiff); Docket 32 (motion to supplement).
[27] *See* Docket 65-1 at 1 (transmittal email).
[28] Docket 69 at 5.
[29] *Id.* at 4.
[30] *KIC, LLC v. Zhejiang Dicastal Hongxin Tech. Co.*, No. 3:19-cv-05660-RJB, 2021 WL 3861635, at *5 (W.D. Wash. Aug. 30, 2021), *reconsideration denied in part*, No. 3:19-cv-05660-

*Silverton Mountain Guides LLC v. U.S. Forest Service et al.*  Case No. 3:22-cv-00048-JMK
Order Denying Motion to Strike  Page 8
Case 3:22-cv-00048-JMK   Document 71   Filed 04/21/23   Page 8 of 11

raising an argument available to it due in part to its reasonable reliance on the Forest Service's disclosure.

The Forest Service also maintains that the deliberative process privilege applies to protect the Average Evaluator Scores from disclosure.[31] The Forest Service further argues that it did not waive this privilege by disclosing the unredacted scores to Plaintiff because it provided the scores "in a limited context for meet and confer purposes under a protective order."[32] The Court agrees that this information is protected by the deliberative process privilege but finds that the Forest Service waived the privilege by disclosing the aggregate scores outside of the agency.[33] The Forest Service is correct to point out that partial disclosure of a document protected by the deliberative process privilege does not necessarily waive disclosure over the entire document.[34] However, the Forest Service has waived the privilege as to those portions of the document it disclosed,

---

RJB, 2021 WL 9599976 (W.D. Wash. Sept. 17, 2021), *on reconsideration in part*, No. 3:19-cv-05660-RJB, 2021 WL 4860793 (W.D. Wash. Oct. 19, 2021), *appeal dismissed*, No. 22-35169, 2022 WL 18956512 (9th Cir. Mar. 29, 2022); *see also Lance, Inc. v. Dewco Servs., Inc.*, 422 F.2d 778, 784 (9th Cir. 1970) ("Local Rules are promulgated by District Courts primarily to promote the efficiency of the Court, and . . . the Court has a large measure of discretion in interpreting and applying them.").

[31] Docket 56 at 5–6.
[32] Docket 69 at 10.
[33] *See Yellowstone to Uintas Connection v. Bolling*, Case No. 4:20-cv-00192-DCN, 2021 WL 5702158, at *8 (D. Idaho Dec. 1, 2021) ("[A] document that was privileged as part of the deliberative process can lose its privilege when revealed outside the agency." (quoting *UnitedHealthcare Ins. Co. v. Azar*, 316 F. Supp. 3d 339, 348–349 (D.D.C. 2018)); *cf. County of San Miguel v. Kempthorne*, 587 F. Supp. 2d 64, 75 (D.D.C. 2008) ("[W]hile an agency generally is entitled to protect information that exposes their decision-making processes, and exclude them from an administrative record, by producing these documents pursuant to the FOIA request, the Service has waived any privilege and protection from disclosure." (internal quotation marks omitted) (citations omitted)).
[34] Docket 69 at 10 (first citing *In re Sealed Case*, 121 F.3d 729 (D.C. Cir. 1997); and then citing *Wilson v. Maricopa County*, 2006 WL 1312934, at *2 (D. Ariz. May 12, 2006)).

*Silverton Mountain Guides LLC v. U.S. Forest Service et al.*  Case No. 3:22-cv-00048-JMK
Order Denying Motion to Strike  Page 9

Case 3:22-cv-00048-JMK   Document 71   Filed 04/21/23   Page 9 of 11

which includes the Average Evaluator Scores. That the Forest Service disclosed the document subject to the protections of a protective order and to a limited number of parties does not cure its waiver.[35] Thus, although the Forest Service's disclosure of the Average Evaluator Scores and total scores does not waive the privilege over the redacted portions of those documents or the other evaluation panel materials, it does waive the privilege over the unredacted information.[36] The Court accordingly will not strike the references to the Average Evaluator Scores from Plaintiff's brief.

Finally, the Forest Service requests that the Court strike Plaintiff's references to the Average Evaluator Scores assigned to Points North because Plaintiff previously represented to the Court that it did not seek to supplement the record with information relating solely to non-party applicants.[37] The Court notes that Plaintiff appears to have disingenuously cited this material given its prior statement. Still, the Court does not find it necessary to strike this information from Plaintiff's brief since the Court does not construe Plaintiff's brief as a post hoc motion to supplement the administrative record.[38]

---

[35] See *In re McKesson Governmental Entities Average Wholesale Price Litig.*, 264 F.R.D. 595, 600 (N.D. Cal. 2009) (finding state agency waived deliberative process privilege by voluntarily producing allegedly privileged documents pursuant to protective order in similar case).

[36] See *In re Sealed Case*, 121 F.3d at 741 ("[R]elease of a document only waives these privileges for the document or information specifically released . . . .").

[37] Docket 56 at 6 (citing Docket 32 at 4 n.2).

[38] The Forest Service's citation to *Ctr. for Biological Diversity v. Provencio*, No. CV 10-330 TUC AWT, 2014 WL 12771121 (D. Ariz. Nov. 13, 2014), for the proposition that the Court must review and rule on Plaintiff's inclusion of the Average Evaluator Scores as a post hoc motion to supplement the Administrative Record is unavailing. Docket 69 at 2. First, that court did not expressly state that it construed inclusion of the declaration at issue as a post hoc motion to supplement the administrative record. *See generally Provencio*, 2014 WL 12771121. Although the court did apply the factors courts evaluate in determining whether to consider extra-record materials, *Provencio* involved a situation where a party included an extra-record declaration with its summary judgment brief. *Id.* at *1. Here, the information at issue was designated, but redacted,

*Silverton Mountain Guides LLC v. U.S. Forest Service et al.*  Case No. 3:22-cv-00048-JMK
Order Denying Motion to Strike  Page 10

Case 3:22-cv-00048-JMK   Document 71   Filed 04/21/23   Page 10 of 11

Also, Plaintiff agreed not to move to supplement the Administrative Record with information related to other applicants; to the Court's knowledge, Plaintiff never expressly agreed to refrain from citing such material in its merits brief. As a result, there is no need for the Court to strike this information from Plaintiff's brief.

### III. CONCLUSION

In light of the above, the Forest Service's *Motion to Strike Plaintiff's Opening Brief in Part* at Docket 56 is **DENIED**. Pursuant to the Court's order at Docket 68 and the Forest Service's Unopposed Motion to Stay Defendants' February 3, 2023, Opposition Brief Deadline and Amend Briefing Schedule at Docket 57, Defendants shall file their opposition briefs within 7 days of this Order. Plaintiff shall file its reply brief, if any, no later than 14 days after Defendants file their opposition briefs.

IT IS SO ORDERED this 21st day of April, 2023, at Anchorage, Alaska.

*/s/ Joshua M. Kindred*
JOSHUA M. KINDRED
United States District Judge

---

as part of the Administrative Record and was not an attempt to insert wholly new information into the litigation at the merits stage. Further, Plaintiff reasonably relied on the Forest Service's ambiguous correspondence accompanying the unredacted Average Evaluator Scores as an agreement to add them to the Administrative Record. The unique factual circumstances stemming from the parties' shared inability to effectively communicate do not require the Court to engage in the inefficient process of receiving briefing on a post hoc motion to supplement when no such motion was made and when the Forest Service waived the deliberative process privilege over the unredacted information.

*Silverton Mountain Guides LLC v. U.S. Forest Service et al.*   Case No. 3:22-cv-00048-JMK
Order Denying Motion to Strike   Page 11
Case 3:22-cv-00048-JMK   Document 71   Filed 04/21/23   Page 11 of 11