IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

SILVERTON MOUNTAIN GUIDES
LLC, an Alaska limited liability
company,

        Plaintiff,

    vs.

U.S. FOREST SERVICE, an agency of
the U.S. Department of Agriculture,

        Defendant,

    vs.

PULSELINE ADVENTURE, LLC,

        Defendant-Intervenor.

Case No. 3:22-cv-00048-JMK

**ORDER DENYING
PLAINTIFF'S OPENING BRIEF
SEEKING VACATUR OF
FOREST SERVICE DECISION**

Pending before the Court at Docket 51 is Plaintiff Silverton Mountain Guides

LLC's brief seeking vacatur of Defendant U.S. Forest Service's (the "Forest Service")

August 9, 2021, decision to (1) select for further processing an application from Pulseline

Adventure, LLC ("Pulseline"), to provide helicopter skiing services in the Chugach

National Forest and (2) not to select for further processing Plaintiff's application for the

same (the "Decision"). The Forest Service responded in opposition at Docket 76.

Defendant-Intervenor Pulseline Adventure, LLC ("Pulseline"), responded in opposition at Docket 74. Plaintiff replied at Docket 80. The Court heard oral argument on July 27, 2023. For the following reasons, the Court DENIES the relief Plaintiff seeks and dismisses this action.

## I. BACKGROUND

Plaintiff brings this action is under Administrative Procedure Act ("APA") seeking to vacate and set aside the Decision by the U.S. Forest Service.[1] The factual allegations and procedural history of this case are not disputed and are set forth in detail in the Court's October 31, 2022, *Order Granting in Part and Denying in Part Plaintiff's Motion to Supplement the Administrative Record*.[2] The Court assumes familiarity here.

## II. LEGAL STANDARD

Plaintiff seeks relief pursuant to 5 U.S.C. § 706(2).[3] At this posture, a district court's "function . . . is to determine whether or not as a matter of law the evidence in the administrative record permitted the agency to make the decision it did."[4] The APA requires a court to "hold unlawful and set aside agency action, findings, or conclusions" if they are "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law."[5] An agency's action is arbitrary and capricious if it "relie[s] on factors which Congress has not intended it to consider, entirely fail[s] to consider an important aspect of the problem,

---

[1] Docket 1 at 2 ¶ 1; Docket 51 at 1.
[2] Docket 45.
[3] Docket 51 at 13–14 (citing 5 U.S.C. § 706(2)).
[4] *City & County of San Francisco v. United States*, 130 F.3d 873, 877 (9th Cir. 1997) (quoting *Occidental Eng'g Co. v. INS*, 753 F.2d 766, 769 (9th Cir. 1985)).
[5] 5 U.S.C. § 706(2).

*Silverton Mountain Guides LLC v. U.S. Forest Service et al.*     Case No. 3:22-cv-00048-JMK
Order Denying Plaintiff's Opening Brief Seeking Vacatur of Forest Service Decision     Page 2
Case 3:22-cv-00048-JMK   Document 100   Filed 09/20/23   Page 2 of 23

offer[s] an explanation for its decision that runs counter to the evidence before the agency, or is so implausible that it could not be ascribed to a difference in view or the product of agency expertise."[6]  Vacatur is the APA's usual remedy for "set[ting] aside" an unlawful agency action.[7]

However, an agency action is proper if, "the agency considered the relevant factors and articulated a rational connection between the facts found and the choices made."[8]  When determining whether an agency action is arbitrary and capricious, "a court is not to substitute its judgment for that of the agency,"[9] particularly if, "the challenged decision implicates substantial agency expertise."[10]

When an agency bases its action on factual conclusions from the administrative record, a court must determine whether those conclusions are supported by "substantial evidence."[11]  "'Substantial evidence,' is, 'more than a mere scintilla but less than a preponderance.'"[12]  This is an "extremely deferential" standard that requires a court

---

[6] *Motor Vehicle Mfrs. Ass'n of the U.S., Inc. v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983).

[7] 5 U.S.C. § 706(2)(A); *see also Se. Alaska Conservation Council v. U.S. Army Corps of Eng'rs*, 486 F.3d 638, 654 (9th Cir. 2007) ("Under the APA, the normal remedy for an unlawful agency action is to set aside the action.  In other words, a court should vacate the agency's action and remand to the agency to act in compliance with its statutory obligations." (internal quotation marks and citations omitted)), *rev'd on other grounds sub nom., Coeur Alaska, Inc. v. Se. Alaska Conservation Council*, 557 U.S. 261 (2009).

[8] *Ctr. for Biological Diversity v. Zinke*, 900 F.3d 1053, 1067 (9th Cir. 2018) (quoting *Greater Yellowstone Coal., Inc. v. Servheen*, 665 F.3d 1015, 1023 (9th Cir. 2011)).

[9] *State Farm*, 463 U.S. at 43.

[10] *Ninilchik Traditional Council v. United States*, 227 F.3d 1186, 1194 (9th Cir. 2000).

[11] *Ctr. for Biological Diversity*, 900 F.3d at 1068; *Dickinson v. Zurko*, 527 U.S. 150, 163–64 (1999).

[12] *Mayes v. Massanari*, 276 F.3d 453, 459 (9th Cir. 2001) (quoting *Sandgathe v. Chater*, 108 F.3d 978, 980 (9th Cir. 1997)).

*Silverton Mountain Guides LLC v. U.S. Forest Service et al.*                    Case No. 3:22-cv-00048-JMK
Order Denying Plaintiff's Opening Brief Seeking Vacatur of Forest Service Decision                    Page 3

Case 3:22-cv-00048-JMK   Document 100   Filed 09/20/23   Page 3 of 23

to "uphold the [agency's] findings unless the evidence presented would compel a reasonable finder of fact to reach a contrary result."[13]

## III. DISCUSSION

Plaintiff's challenge rests on six arguments, namely that (1) the Forest Service failed to properly follow and apply the criteria set forth in the Guided Helicopter Skiing Prospectus (the "Prospectus") that kickstarted the application process; (2) the Decision contradicts evidence in and misstates the record; (3) the Decision is not the result of differences of opinion or agency expertise; (4) Forest Supervisor Jeff Schramm (the "Supervisor") unevenly evaluated Plaintiff's and Pulseline's applications; (5) the record does not support the Forest Service's finding that Pulseline is financially qualified to be a permitted operator in the Chugach National Forest; and (6) Plaintiff deserves an award of its attorney's fees and costs incurred litigating its Freedom of Information Act ("FOIA") claim.[14]  The Court addresses each argument in turn.

As an initial matter, however, the Court first addresses the key argument underlying this entire action.  Plaintiff asserts that the Forest Service's Decision "is not entitled to any judicial deference," because it is not:  an instance of agency rulemaking, an adjudicative decision interpreting a statute the Forest Service administers, or an interpretation of the Forest Service's ambiguous regulations.[15]  Plaintiff also argues that

---

[13] *Monjaraz-Munoz v. INS*, 327 F.3d 892, 895 (9th Cir. 2003) (quoting *Singh-Kaur v. INS*, 183 F.3d 1147, 1149–50 (9th Cir. 1999)).
[14] Docket 51 at 15–35.
[15] *Id.* at 20–21.

*Silverton Mountain Guides LLC v. U.S. Forest Service et al.*                    Case No. 3:22-cv-00048-JMK
Order Denying Plaintiff's Opening Brief Seeking Vacatur of Forest Service Decision                    Page 4

Case 3:22-cv-00048-JMK   Document 100   Filed 09/20/23   Page 4 of 23

the Decision is not entitled to respect pursuant to *Skidmore v. Swift & Co.*[16] because the Forest Service "unreasonably disregarded the Prospectus's criteria."[17]

In *Skidmore*, the Supreme Court observed that "[t]he weight [accorded to an administrative] judgment in a particular case will depend upon the thoroughness evident in its consideration, the validity of its reasoning, its consistency with earlier and later pronouncements, and all those factors which give it power to persuade, if lacking power to control."[18] If an agency's decision is not within an area of express congressional delegation of authority or does not purport to have the force of law, it is entitled to a measure of deference proportional to the agency's "power to persuade," in accordance with *Skidmore*.[19] In determining the degree of deference warranted, a court examines "the process the agency used to arrive at its decision."[20] In examining the agency's process, a court should consider the agency's "thoroughness, rational validity, consistency with prior and subsequent pronouncements, the logic and expertness of [the] decision, the care used in reaching the decision, as well as the formality of the process used."[21] Yet, regardless of whether a court defers to the agency's expertise in an APA case, a court's role is to determine whether the agency acted reasonably, considered the relevant issues, and reasonably explained its decision.[22] If the agency so acted, a court should uphold its decision.

---

[16] 323 U.S. 134, 140 (1944).
[17] Docket 51 at 20–21 (citing *Skidmore*, 323 U.S. at 140).
[18] 323 U.S. at 140.
[19] *Tablada v. Thomas*, 533 F.3d 800, 806 (9th Cir. 2008) (citations omitted).
[20] *Id.* (citations omitted).
[21] *Id.* (citations, internal quotations, and alterations omitted).
[22] *FCC v. Fox Television Stations, Inc.*, 556 U.S. 502, 513–14 (2009).

*Silverton Mountain Guides LLC v. U.S. Forest Service et al.*     Case No. 3:22-cv-00048-JMK
Order Denying Plaintiff's Opening Brief Seeking Vacatur of Forest Service Decision     Page 5
Case 3:22-cv-00048-JMK     Document 100     Filed 09/20/23     Page 5 of 23

The Court finds that the Forest Service is entitled to deference and respect in its interpretation and application of the Prospectus criteria.  As the expert agency charged with regulating National Forest system land and its occupancy and use,[23] the Forest Service has inherent power to persuade when determining which heli-ski companies it will allow to operate in the Chugach National Forest.  The decision of which Prospectus applications to select for further processing required the Forest Service not only to interpret and apply its own materials, such as the Prospectus criteria, but also its own regulations codified at 36 C.F.R. Part 251, Subpart B.  Most importantly, the Forest Service relied on its technical expertise as an agency overseeing heli-skiing operations in remote, potentially dangerous environments to determine which Prospectus applications were most thorough and indicative of companies and staff who are best equipped to "provide high quality visitor experiences," "promote visitor safety," "advance resource stewardship," and "reduce illegal outfitting/guiding and resource violations," among other objectives.[24]

The Forest Service's review of the Prospectus applications and response to Plaintiff's administrative appeal demonstrates thoroughness, rational validity, and consistency amongst its review of the Prospectus applications.  The Forest Service established a robust Prospectus that stated its objectives and the criteria it used to evaluate each application.[25]  Through a formal application and review process, the Forest Service

---

[23] *McMichael v. United States*, 355 F.2d 283 (9th Cir. 1965).

[24] Administrative Record ("AR") 2760.  The Forest Service filed the initial version of the administrative record at Docket 23 but supplemented the record at Docket 46 (Sealed) and filed errata at Docket 25, Docket 26, and Docket 42.

[25] AR 2702–03, 2753–2823.

*Silverton Mountain Guides LLC v. U.S. Forest Service et al.*                                    Case No. 3:22-cv-00048-JMK
Order Denying Plaintiff's Opening Brief Seeking Vacatur of Forest Service Decision                              Page 6

Case 3:22-cv-00048-JMK   Document 100   Filed 09/20/23   Page 6 of 23

solicited applications from interested companies.[26]  The agency then convened a panel of four individuals screened for objectivity and experience with heli-skiing and special use permitting to conduct independent reviews of the applications before convening twice to review and rank them and issuing a joint recommendation to District Ranger Steve Namitz (the "District Ranger") on which ones warranted further processing.[27]  The applications then underwent a review from the District Ranger and, after Plaintiff's appeal, another review from the District Ranger and the Supervisor.[28]  Plaintiff's appeal resulted in two thorough, written decisions from the District Ranger and the Supervisor totaling approximately 27 pages.[29]  Both the District Ranger and the Supervisor considered Plaintiff's and Pulseline's applications, the Prospectus criteria, the Evaluation Panel's recommendations, and the arguments Plaintiff advanced through its administrative appeal.[30]  As described throughout this order in response to Plaintiff's specific contentions, the Forest Service's reasoning and the validity of its findings, while not infallible, were defensible and reasonable given the highly fact-specific nature of the Forest Service's review and the interests the Forest Service needed to balance throughout the process, such as visitor safety and enjoyment and minimization of environmental impacts.[31]  Although the Prospectus applications themselves do not contain highly technical information, the Forest Service's analysis of those documents "requires a high level of technical expertise"

---

[26] AR 1890.
[27] AR 3144–46.
[28] AR 1890, 2897–2901, 3144–56.
[29] AR 2897–2901, 3144–56.
[30] AR 2897–2901, 3144–56.
[31] AR 2702–03.

*Silverton Mountain Guides LLC v. U.S. Forest Service et al.*                    Case No. 3:22-cv-00048-JMK
Order Denying Plaintiff's Opening Brief Seeking Vacatur of Forest Service Decision                    Page 7

Case 3:22-cv-00048-JMK   Document 100   Filed 09/20/23   Page 7 of 23

concerning issues of safety and environmental conservation to which the Court should defer.[32]

Accordingly, the Court finds that the Forest Service's Decision has the "power to persuade" and is persuasive enough for the Court to follow.[33] Still, the Court carefully reviewed the administrative record and Plaintiff's contentions to determine independently whether the Forest Service acted reasonably, considered the relevant issues, and reasonably explained the Decision.[34]

## A.    The Forest Service's Alleged Failure to Follow the Prospectus

Plaintiff first argues that the Forest Service failed to properly apply four (4) of the sixteen (16) selection criteria outlined in the Prospectus:  Criterion B-1, which evaluates the applicant's experience performing guided helicopter skiing services; Criterion W-1, which evaluates the applicant's working relationship with regulatory agencies; Criterion O-1, which evaluates the applicant's permit compliance; and Criterion O-2, which evaluates the applicant's performance history.[35]  The factual allegations Plaintiff identifies to support its argument include:  (1) Pulseline's owner's conviction of a criminal misdemeanor charge after he battered an employee while on the job; (2) Pulseline's owner's conviction of a criminal misdemeanor charge after he twice pushed a police officer during a traffic stop; (3) Pulseline's owner's failure to timely pay federal taxes owed by a concrete business that he owns; (4) Pulseline's lack of permitted

---

[32] *Marsh v. Oregon Nat. Res. Council*, 490 U.S. 360, 377 (1989) (citation omitted).
[33] *Skidmore*, 323 U.S. at 140.
[34] *Fox*, 556 U.S. at 513–14.
[35] Docket 51 at 15–20.

*Silverton Mountain Guides LLC v. U.S. Forest Service et al.*                    Case No. 3:22-cv-00048-JMK
Order Denying Plaintiff's Opening Brief Seeking Vacatur of Forest Service Decision                    Page 8

Case 3:22-cv-00048-JMK   Document 100   Filed 09/20/23   Page 8 of 23

heli-ski business operations; (5) a lack of Pulseline-initiated meetings and communications with regulatory agencies; and (6) a lack of records related to Pulseline's performance history.[36]

Plaintiff alleges that the Supervisor failed to "scrupulously" adhere to the Prospectus's selection criteria, "alter[ed]" those criteria, "shift[ing] the goalposts" such that Pulseline could "advance under a framework other than that set forth in the Prospectus."[37] Plaintiff contends that Pulseline should have received zero points in all of these categories and, as a result, should not have advanced to the next stage of the Forest Service's selection process.[38]

As described above, the Forest Service's Decision is entitled to respect given its persuasive force. Still, even if the Court were not to accord any deference or respect to the Supervisor's application of the Prospectus criteria, there is no indication that the Supervisor's evaluation departed from or inappropriately applied the four criteria at issue. In his written decision, the Supervisor correctly notes that the Prospectus criteria "did not require applicants to be current or previous heli-ski permit holders."[39] He also found that Pulseline's application demonstrated the "direct and extensive experience" of Pulseline's owner, guides, and staff and showed that Pulseline's staff are qualified in "heli-skiing operations, guiding and managing permits, including in the Chugach National Forest."[40]

---

[36] *Id.* at 4–18.
[37] *Id.* at 13.
[38] *Id.* at 13–14.
[39] AR 3146.
[40] *Id.*

*Silverton Mountain Guides LLC v. U.S. Forest Service et al.*  Case No. 3:22-cv-00048-JMK
Order Denying Plaintiff's Opening Brief Seeking Vacatur of Forest Service Decision  Page 9

Case 3:22-cv-00048-JMK   Document 100   Filed 09/20/23   Page 9 of 23

As for Pulseline's owner's legal issues, the Supervisor noted that the Forest Service's special use regulations and policies do not require denial of a special use authorization because of an applicant's criminal record or tax history.[41] The Supervisor focused his review on whether Pulseline's staff, including its owner, were qualified as heli-ski guides and operators. Through this lens, the Supervisor found that the record demonstrated that Pulseline's owner "has an excellent safety record, a history of professionalism, substantial experience in the permit area, and good judgment as a heli-ski guide."[42] The Court finds that the record, including the breadth and robustness of Pulseline's application, supports these findings.[43]

Moreover, none of the Supervisor's findings contradict or unreasonably interpret the Prospectus criteria.[44] The Prospectus criteria Plaintiff highlights do not require that an applicant's owner have no criminal history or exhibit perfect compliance with tax laws.[45] Nor do they require that the corporate entity comprising the applicant—rather than its staff—demonstrate a history of permitted heli-ski business operations or company-initiated meetings and communications with regulatory agencies or provide records related to the company's performance history in order to receive any points.[46] It is not arbitrary or capricious for the Forest Service to consider the entire circumstances surrounding a company, including its owner and staff members, rather than fixate on

---

[41] AR 3152–54.
[42] AR 3154.
[43] *See generally* AR 828–88.
[44] AR 2776–78.
[45] *Id.*
[46] *Id.*

*Silverton Mountain Guides LLC v. U.S. Forest Service et al.*                     Case No. 3:22-cv-00048-JMK
Order Denying Plaintiff's Opening Brief Seeking Vacatur of Forest Service Decision                Page 10

Case 3:22-cv-00048-JMK   Document 100   Filed 09/20/23   Page 10 of 23

misdemeanor convictions from over a decade ago and apply a mandatory prohibition where none exists through statute, regulation, or agency policy. The "objective[s]" of some of the Prospectus criteria are to evaluate the "*company*['*s*]" compliance or performance; the actual evaluation criteria themselves do not limit the Forest Service to only considering a company's history and experience at the exclusion of those of its staff.[47] Thus, there is no indication that, by considering staff experience, the Supervisor "refused to apply certain Prospectus criteria [or] affirmed Pulseline's scores for reasons not contemplated in the Prospectus."[48] To the contrary, the record reveals that the Supervisor reasonably considered Pulseline and its staff's experience in deciding to award Pulseline points in the four criteria challenged here given the strength of Pulseline's application.[49] The Court also observes that Plaintiff received more total points across the four criteria than did Pulseline, suggesting that Plaintiff's contention that Pulseline received an unfair advantage compared to Plaintiff with respect to these criteria is unfounded.[50]

## B. The Forest Service's Alleged Contradiction and Misstatement of the Record

Plaintiff next argues that the Decision contradicts the record and adopts "a series of faulty, speculative, and baseless assumptions."[51] Plaintiff's main point of support

---

[47] *Id.* (emphasis added).
[48] Docket 51 at 16.
[49] *See* AR 3146 (citing portions of Plaintiff's appeal record demonstrating that Pulseline has "extensive experience in the Chugach National Forest"; "experience managing heli-ski permits with the Forest Service, BLM, and the State of Alaska"; an owner and staff member who "are experienced and know the area, the terrain, ski conditions, etc."; and "'the most experience guiding' in the proposed use areas" (citations omitted)).
[50] *Compare* AR 1945–46 (Pulseline's scores), *with* AR 1948–50 (Plaintiff's scores).
[51] Docket 51 at 21 (citing *East Bay Sanctuary Covenant v. Garland*, 994 F.3d 962, 980–81 (9th Cir. 2020)).

*Silverton Mountain Guides LLC v. U.S. Forest Service et al.*                    Case No. 3:22-cv-00048-JMK
Order Denying Plaintiff's Opening Brief Seeking Vacatur of Forest Service Decision                    Page 11

Case 3:22-cv-00048-JMK   Document 100   Filed 09/20/23   Page 11 of 23

is that the Supervisor affirmed the Evaluation Panel's points awarded under five criteria without further explanation.[52]  Plaintiff asserts that this alleged summary affirmance is merely "lip service or verbal commendation of a standard" rather than a fulsome explanation.[53]  This contention is unfounded.  The full statement to which Plaintiff cites references an entire paragraph of independent reasoning with citations to the record as well as the reasons provided in the District Ranger's responsive statement.[54]  This reasoning includes the extensive experience of Pulseline's owner, guides, and staff, particularly with respect to heli-skiing operations, guiding, and managing permits in the Chugach National Forest.[55]  It cannot be said that the Supervisor merely gave "lip service" to the Prospectus criteria when he cited eight specific portions of the record to support his conclusion and directly addressed Plaintiff's contention regarding the District Ranger's decision that affirmed the Evaluation Panel scores.[56]

Plaintiff also reasserts its contention that it was arbitrary and capricious for the Forest Service to consider Pulseline's staff's experience when evaluating criteria B-1, W-1, O-1, and O-2.[57]  Again, the Prospectus criteria do not require the Forest Service to consider only a corporate entity's experience at the exclusion of the experience of a company's employees.  Plaintiff's approach would irrationally distinguish between the experience of a fictional entity—a company—and the personnel who provide the heli-

---

[52] *Id.* at 21–22.
[53] *Id.* at 22 (quoting *Nat. Res. Def. Council v. Pritzker*, 828 F.3d 1125, 1132–33 (9th Cir. 2016)).
[54] AR 3133–34.
[55] *Id.*
[56] *Id.*
[57] Docket 51 at 23–26.

*Silverton Mountain Guides LLC v. U.S. Forest Service et al.*                    Case No. 3:22-cv-00048-JMK
Order Denying Plaintiff's Opening Brief Seeking Vacatur of Forest Service Decision                    Page 12

Case 3:22-cv-00048-JMK   Document 100   Filed 09/20/23   Page 12 of 23

skiing services in the Chugach National Forest. When providing heli-skiing trips in a service-intensive industry, it would be arbitrary to assume that evaluating a company's experience prohibits taking into account the experience of its staff. The Forest Service acted not just reasonably but properly in considering the degree to which each Prospectus application described the company's experience, including relevant staff members' experience.

        As for Plaintiff's contention that Pulseline's employees formerly worked for a company that had "serious issues,"[58] Plaintiff once again omits critical portions of the record. The excerpt Plaintiff quotes comes from a reference check from a Forest Service permit administrator who noted that Pulseline's staff, when they worked at this other company, took the initiative to contact the Forest Service about the company's issues; the full quotation actually praises both Pulseline's owner and a staff member as "experienced and know[ledgeable about] the area, the terrain, ski conditions, etc. which is really important."[59] Plaintiff's omission of a fact that undermines its argument is misleading and, frankly, concerning.[60]

        Plaintiff also takes issue with the Forest Service's crediting Pulseline for its owner's alleged lack of experience "managing a permitted heli-ski operation,"[61] but the record indisputably shows that Pulseline's staff has extensive experience with heli-skiing

---

[58] *Id.* at 24.

[59] AR 1917.

[60] *See* D. Alaska Loc. Civ. R. 1.1(c)(4) ("Parties and their lawyers must advocate with candor and fairness and at all times conform to applicable codes and rules of ethics and professional responsibility.").

[61] Docket 51 at 24–25.

*Silverton Mountain Guides LLC v. U.S. Forest Service et al.*        Case No. 3:22-cv-00048-JMK
Order Denying Plaintiff's Opening Brief Seeking Vacatur of Forest Service Decision    Page 13

Case 3:22-cv-00048-JMK   Document 100   Filed 09/20/23   Page 13 of 23

operations and guiding experience on mountains, including in the Chugach National Forest.[62]  Plaintiff identifies no Prospectus criterion requiring a successful applicant's owner or chief guide to have experience specifically managing a permitted heli-ski operation.  Additionally, it is clear from the record that Pulseline's owner and staff are experienced in conducting heli-skiing operations, which is the first and arguably one of the most important criteria listed in the Prospectus.[63]

Plaintiff next points to Pulseline's alleged failure to comply with a State of Alaska day-use permit program and workers' compensation insurance regulations.[64]  But the Supervisor offered reasonable explanations supporting the score awarded to Pulseline under that criterion, such as Alaska's apparent shortcomings in administering the day-use permit program and a lack of clarity regarding whether Pulseline did in fact violate the state's worker's compensation regulations.[65]  Even if the Forest Service's justifications are impeachable, the Forest Service did not award Pulseline full points in any of the four challenged criteria,[66] and so the Court does not find that the Forest Service acted unreasonably, arbitrarily, or capriciously.  It is also worth noting again that Pulseline was awarded a lower score in these categories than Plaintiff.[67]  Plaintiff may be displeased with

---

[62] *See* AR 3146 (citing portions of Plaintiff's appeal file highlighting the experience of Pulseline's owner and staff).

[63] AR 2776 (Prospectus criteria); *see also* AR 1917 (describing Pulseline's owner's and a staff member's extensive experience).

[64] Docket 51 at 25 (citations omitted).

[65] AR 3153.

[66] AR 1945–46.

[67] *Compare* AR 1945–46 (Pulseline's scores), *with* AR 1948–50 (Plaintiff's scores).

*Silverton Mountain Guides LLC v. U.S. Forest Service et al.*                                    Case No. 3:22-cv-00048-JMK
Order Denying Plaintiff's Opening Brief Seeking Vacatur of Forest Service Decision                                    Page 14

Case 3:22-cv-00048-JMK   Document 100   Filed 09/20/23   Page 14 of 23

the score Pulseline received, but a disgruntled applicant's displeasure does not by itself render an agency's action invalid.

Plaintiff next points to two alleged "misstatements" that the Supervisor made in relation to Plaintiff's own compliance with Alaska's day-use permit program requirements and whether a tax lien levied against Pulseline's owner was "apparently due to an IRS error."[68] Even assuming Plaintiff is correct that these are misstatements of the record, the misstatements are not material given that Plaintiff received higher scores than Pulseline under the challenged criteria and do not otherwise render the Decision on the whole "inaccurate, improper, arbitrary, or capricious."[69]

In sum, there is no indication that the Supervisor materially contradicted or misstated the record or failed to adequately explain its result.

## C.    The Alleged Implausibility of the Forest Service's Decision

Plaintiff next asserts that that "[t]he record evidence overwhelmingly establishes that SMG is 'best qualified' under the Prospectus and is undoubtedly 'better qualified' than Pulseline."[70] It maintains that the Decision "cannot be ascribed to a difference in viewpoint or agency expertise" because it reflects "a clear departure from the Prospectus criteria and record evidence" as well as "a rejection of the opinions of actual

---

[68] Docket 51 at 25–26.
[69] *Stop B2H Coal. v. Bureau of Land Mgmt.*, 552 F. Supp. 3d 1101, 1126 (D. Or. 2021) (citing *City of Carmel-By-The-Sea v. U.S. Dep't of Transp.*, 123 F.3d 1142, 1153 (9th Cir. 1997)). In *City of Carmel-By-The-Sea*, the Ninth Circuit observed that an agency's imperfect and at times erroneous environmental impact statement was still "sufficiently thorough" to satisfy federal and state law. 123 F.3d at 1153, 1168 (citation omitted). The same is true here given the Supervisor's thorough, 13-page decision and the other materials generated throughout the selection process. AR 3144–56.
[70] Docket 51 at 26–27.

*Silverton Mountain Guides LLC v. U.S. Forest Service et al.*          Case No. 3:22-cv-00048-JMK
Order Denying Plaintiff's Opening Brief Seeking Vacatur of Forest Service Decision          Page 15

Case 3:22-cv-00048-JMK   Document 100   Filed 09/20/23   Page 15 of 23

permit administrators and heli-ski operators."[71]  As support for this contention, Plaintiff points to the information gleaned from the reference checks of the Prospectus applicants provided by permit administrators and other industry players.[72]

Plaintiff relies on myopic citations to the reference checks provided by permit administrators and other heli-ski operators.  Assuming that this portion of the evaluation process on balance favors Plaintiff over Pulseline, Plaintiff's argument misses the broader point:  The Forest Service based its Decision on an evaluation of 16 criteria based on the packages the applicants submitted.[73]  Indeed, the Prospectus itself states that applications will be evaluated based on their "proposal packages," which encompass far more than reference checks and recommendations from industry peers.[74]  For example, the record reflects that the safety plan included in Pulseline's application was "more extensive" or "better" than Plaintiff's "very brief" safety plan in multiple respects, such as its explanations of plans and procedures for client preparation and education; client safety orientation; and employee licenses, certifications, and training.[75]  The Supervisor's written decision also compares and contrasts the two companies' applications with respect to several other criteria, generally finding that Pulseline's application was more robust than Plaintiff's application.[76]  Furthermore, Pulseline received a positive reference from a Forest Service permit administrator.[77]  And although one industry participant provided a negative

---

[71] *Id.* at 27.
[72] *Id.* at 27–30.
[73] AR 2776–78.
[74] *Id.*
[75] AR 3148–49.
[76] AR 3148.
[77] AR 1917.

*Silverton Mountain Guides LLC v. U.S. Forest Service et al.*                    Case No. 3:22-cv-00048-JMK
Order Denying Plaintiff's Opening Brief Seeking Vacatur of Forest Service Decision                    Page 16

Case 3:22-cv-00048-JMK   Document 100   Filed 09/20/23   Page 16 of 23

view of Pulseline's safety record, that company later walked back that statement, noting that it "takes no issue with anything said by District Ranger Namitz in either of his Responsive Statements" affirming Pulseline's scores and that the District Ranger's decisions were not "so unsupported that [they] should be stayed, delayed, or in any other way affected."[78]  The Court will not read too much into Plaintiff's cherry-picked attempts to poke holes in what was a fact-specific and technical review of the Prospectus applications.

## D.    The Allegedly Uneven Evaluation of Plaintiff's and Pulseline's Applications

Plaintiff next takes issue with the Supervisor's consideration of a statement provided during the reference check process by a State of Alaska permit administrator that raised concerns about Plaintiff's allegedly engaging in "unauthorized fuel storage."[79]  But the record reflects that the Forest Service "d[id] not find that this information [wa]s grounds for reducing [Plaintiff's] scores."[80]  Additionally, the Forest Service "gave [Plaintiff] a perfect score on performance history (O-2) and working with regulatory agencies (W-1), and a near perfect score on permit compliance (O-1)."[81]  Again, Plaintiff received higher scores in both of these categories than did Pulseline.[82]  Plaintiff's contention that the Forest Service "discounted [Plaintiff's] perfect safety record" while providing a "fervently sympathetic evaluation of Pulseline"[83] is not supported by the record.

---

[78]  AR 2974.
[79]  Docket 51 at 30 (citing AR 1922).
[80]  AR 3140.
[81]  *Id.*
[82]  *Compare* AR 1945–46 (Pulseline's scores), *with* AR 1948–50 (Plaintiff's scores).
[83]  Docket 51 at 31.

*Silverton Mountain Guides LLC v. U.S. Forest Service et al.*                                    Case No. 3:22-cv-00048-JMK
Order Denying Plaintiff's Opening Brief Seeking Vacatur of Forest Service Decision                    Page 17
Case 3:22-cv-00048-JMK   Document 100   Filed 09/20/23   Page 17 of 23

Where appropriate, the Supervisor acknowledged strengths and weaknesses about both Plaintiff's and Pulseline's applications.[84] The record reflects that both companies were held to the same standard, which was an evaluation of their applications based on the sixteen (16) Prospectus criteria. The Court does not fault the Forest Service for finding that Pulseline's safety plan was "extensive, highly detailed, and shows that they take safety seriously and have the technical know-how to operate safely."[85] On the other hand, the Forest Service found Plaintiff's safety plan to be "brief and lack[ing] detail."[86] These findings are borne out by the materials provided in the parties' applications, particularly the depth and breadth of Pulseline's operations and safety plan.[87] Although the Court is in no position to second-guess an agency's evaluation of proposals to provide a highly technical service like heli-skiing, a review of Pulseline's Prospectus materials compared to Plaintiff's materials yields ample support for the Forest Service's findings.[88]

### E. Pulseline's Financial Qualifications

Plaintiff contends that "Pulseline failed to provide sufficient evidence of its financial capability to operate and maintain a permitted heli-skiing company."[89] Plaintiff

---

[84] *See, e.g.*, AR 3147 (noting that Pulseline provided "a thorough and complete description about how it plans to operate under the new permit" but that Plaintiff's "application lacked detail,"); AR 3149 (observing that Plaintiff's safety plan "discusses avalanche rescues and helicopter failure, it doesn't have checklists and the communications plan is inadequate,"); AR 3149–50 (noting that Plaintiff's 4:2 client-to-guide ratio, training program, and helicopter choice were "factored into the evaluation panel's scoring").

[85] AR 3155.

[86] *Id.*

[87] *Compare* AR 3161–3262 (Sealed) (Pulseline's operations and safety plan), *with* AR 3318–46 (Sealed) (Plaintiff's operations and safety plan).

[88] *Compare* AR 828–88 (Pulseline's application), *with* AR 1203–59 (Plaintiff's application).

[89] Docket 51 at 33.

*Silverton Mountain Guides LLC v. U.S. Forest Service et al.*          Case No. 3:22-cv-00048-JMK
Order Denying Plaintiff's Opening Brief Seeking Vacatur of Forest Service Decision          Page 18

Case 3:22-cv-00048-JMK   Document 100   Filed 09/20/23   Page 18 of 23

also argues that the financial certification Pulseline provided in its application "appear[s] to be false or misleading."[90]  In response, the Forest Service maintains that Plaintiff failed to raise this issue in its administrative appeal and thus waived its ability to assert that argument in its APA challenge before this Court.[91]  In its reply, Plaintiff argues that, in its administrative appeal, it challenged Pulseline's "technical and financial capability" to hold the Forest Service's special use permit.[92]  In Plaintiff's view, all it needed to do was "alert the decision maker to the problem in general terms" in order to preserve this argument for its APA challenge before this Court.[93]

A plaintiff is entitled to judicial review of an agency's action only if it first exhausted all administrative remedies by providing the agency with "an opportunity to correct its own errors, to afford the parties and the courts the benefit of its experience and expertise, and to compile a record which is adequate for judicial review."[94]  If a plaintiff does not exhaust all administrative remedies, a court does not have subject matter jurisdiction over the plaintiff's claim.[95]  To exhaust its administrative remedies, a challenger need only "alert the agency 'to the problem in general terms.'"[96]  However, "[c]laims must be raised with sufficient clarity to allow the decision maker to understand

---

[90] *Id.* at 33–34.
[91] Docket 76 at 29.
[92] Docket 80 at 14 (first citing AR 47; and then citing AR 2980).
[93] *Id.* at 14–15 (quoting *Native Ecosystems Council v. Lannom*, 598 F. Supp. 3d 957, 965 (D. Mont. 2022)).
[94] *Tamosaitis v. URS Inc.*, 771 F.3d 539, 548 (9th Cir. 2014) (quoting *Weinberger v. Salfi*, 422 U.S. 749, 765 (1975)).
[95] *Id.*; *W. Montana Cmty. Partners, Inc. v. Austin*, 104 F. Supp. 3d 1076, 1082 (D. Mont. 2015), *aff'd*, 696 F. App'x 789 (9th Cir. 2017).
[96] *Native Ecosystems Council*, 598 F. Supp. 3d at 965 (quoting *Idaho Sporting Cong., Inc. v. Rittenhouse*, 305 F.3d 957, 965 (9th Cir. 2002)).

*Silverton Mountain Guides LLC v. U.S. Forest Service et al.*          Case No. 3:22-cv-00048-JMK
Order Denying Plaintiff's Opening Brief Seeking Vacatur of Forest Service Decision          Page 19

Case 3:22-cv-00048-JMK   Document 100   Filed 09/20/23   Page 19 of 23

and rule on the issue raised," even though "there is no bright-line standard as to when this requirement has been met and [a court] must consider exhaustion arguments on a case-by-case basis."[97]

The Court finds that Plaintiff did not raise its claim regarding Pulseline's financial qualifications with enough clarity to allow the Forest Service to understand the nature of its claim regarding Pulseline's financial certifications. Plaintiff has failed to identify any portion of its administrative appeal that discusses Pulseline's financial certification. Plaintiff's two citations to the Administrative Record where it contends it alerted the Forest Service of this claim are generalized quotes to the federal regulation governing the submission of proposals and applications to the Forest Service.[98] There is no indication that, in its administrative appeal, Plaintiff alleged that Pulseline failed to provide evidence of its financial capability to operate and maintain a permitted heli-skiing company or claimed that Pulseline's financial certification was false or misleading. Plaintiff did not even include the phrases "financial certification" or "financial qualifications" in its administrative appeal.[99] Therefore, Plaintiff has failed to alert the

---

[97] *Idaho Sporting Cong.*, 305 F.3d at 965 (citing *Native Ecosystems Council v. Dombeck*, 304 F.3d 886, 900 (9th Cir. 2002)).

[98] *See* AR 47 ("The decision to select Pulseline for further processing, and the decision to eliminate [Plaintiff] from consideration, also violates the agency's binding obligation to ensure that a holder of a special use authorization possesses the 'technical and financial capability' to hold the authorization and is 'otherwise acceptable.'" (quoting 36 C.F.R. § 251.54(d)(3))); AR 2980 ("Appropriate goal for Prospectus process and selection decisions grounded in the technical and financial capability requirements of the special use permit regulations in 36 CFR Part 251.").

[99] *See generally* AR 53–100.

*Silverton Mountain Guides LLC v. U.S. Forest Service et al.*                    Case No. 3:22-cv-00048-JMK
Order Denying Plaintiff's Opening Brief Seeking Vacatur of Forest Service Decision                    Page 20
Case 3:22-cv-00048-JMK    Document 100    Filed 09/20/23    Page 20 of 23

Forest Service to this claim, even in a generalized manner, and thus waived its ability to bring that challenge here.[100]

## F. FOIA Attorney's Fees and Costs

Plaintiff's final argument relates to Count II of its complaint, which alleges that the Forest Service violated FOIA "by refusing to release the identities of the government employees who served on the Prospectus evaluation panel."[101] Plaintiff asserts that the Forest Service initially refused to release the identities of the Evaluation Panel members but later disclosed the information after Plaintiff filed its complaint, repeatedly requested disclosure, and notified the Forest Service that it planned to move this Court to supplement the Administrative Record with that information.[102] Citing FOIA, Plaintiff requests that the Court award it its attorney's fees and costs because it has "substantially prevailed" in its FOIA claim given the Forest Service's ultimate disclosure.[103]

"To obtain an award of attorney fees under the FOIA, a plaintiff must demonstrate both eligibility and entitlement to the award."[104] The relevant FOIA attorney's fees provision states:

> (i) The court may assess against the United States reasonable attorney fees and other litigation costs reasonably incurred in any case under this section in which the complainant has substantially prevailed.

---

[100] 5 U.S.C. § 704; *see also Idaho Sporting Cong.*, 305 F.3d at 965 ("[P]laintiffs [must] exhaust available administrative remedies before bringing their grievances in federal court." (citing 5 U.S.C. § 704)).

[101] Docket 51 at 34 (citation omitted).

[102] *Id.*

[103] *Id.* at 34–35 (quoting 5 U.S.C. §§ 552(a)(4)(E)(i)–(ii)).

[104] *Oregon Nat. Desert Ass'n v. Locke*, 572 F.3d 610, 614 (9th Cir. 2009).

*Silverton Mountain Guides LLC v. U.S. Forest Service et al.*      Case No. 3:22-cv-00048-JMK
Order Denying Plaintiff's Opening Brief Seeking Vacatur of Forest Service Decision      Page 21

Case 3:22-cv-00048-JMK   Document 100   Filed 09/20/23   Page 21 of 23

(ii) For purposes of this subparagraph, a complainant has substantially prevailed if the complainant has obtained relief through either—

(I) a judicial order, or an enforceable written agreement or consent decree; or

(II) a voluntary or unilateral change in position by the agency, if the complainant's claim is not insubstantial.[105]

Because there has been no judicial order, written agreement, or consent decree requiring the Forest Service to disclose the Evaluation Panel members' identities, only the latter avenue for establishing eligibility is available. It appears that the Forest Service voluntarily changed its position when it provided the requested information to Plaintiff, potentially satisfying the first requirement above in 5 U.S.C. § 552(a)(4)(E)(ii)(II).[106]

As for the second requirement, that Plaintiff's claim "is not insubstantial," neither the parties nor the Court have identified any caselaw discussing what constitutes an "insubstantial" claim pursuant to this FOIA provision. Regardless, Plaintiff's requested disclosure of the identities of the Evaluation Panel members is not substantial within the context of this litigation. Although the District Ranger and the Supervisor both incorporated and affirmed the Evaluation Panel's scores assigned to Plaintiff and Pulseline, Plaintiff has not made any claim that the Evaluation Panel members' identities unduly or unfairly influenced those scores in a material way. For example, Plaintiff has not credibly

---

[105] 5 U.S.C. § 552(a)(4)(E).

[106] *See* Docket 76 at 31 ("For the limited purposes of this litigation, the Forest Service agreed to produce the unredacted names of the panel members.").

*Silverton Mountain Guides LLC v. U.S. Forest Service et al.*     Case No. 3:22-cv-00048-JMK
Order Denying Plaintiff's Opening Brief Seeking Vacatur of Forest Service Decision     Page 22

Case 3:22-cv-00048-JMK   Document 100   Filed 09/20/23   Page 22 of 23

alleged any bias from a particular panelist nor challenged the panelists' credentials in its briefing before the Court.[107] Because Plaintiff draws no link between the individual panelists and the ultimate outcome in this case, its FOIA claim seeking disclosure of the panelists' identities is "insubstantial" when viewed against the broader backdrop of this action. Plaintiff is not entitled to an award of its attorney's fees and costs incurred in relation to the prosecution of its FOIA claim.

## IV.  CONCLUSION

In light of the above, the relief Plaintiff requests through its complaint at Docket 1 and opening brief at Docket 51 is **DENIED**. All claims against the Forest Service are **DISMISSED** with prejudice. The Clerk of Court shall issue a final judgment accordingly.

IT IS SO ORDERED this 20th day of September, 2023, at Anchorage, Alaska.

*/s/ Joshua M. Kindred*
JOSHUA M. KINDRED
United States District Judge

---

[107] *See generally* Docket 51; Docket 80. In its complaint, Plaintiff alleges that "several representatives of the Chugach National Forest have been seeking retribution against [Plaintiff] and [its owner] as a result of several incidents," but Plaintiff does not make this argument in its merits briefing. Docket 1 at 21–25 ¶¶ 83–96. At one point in its reply, Plaintiff notes that "it is unknown" whether one "extreme outlier" score awarded to Plaintiff by one panelist "was due to a mistaken application of the [Prospectus] criteria, anti-[Plaintiff] bias, or a simple math error in tallying up that panelist's . . . scores on each criteria [sic]." Docket 80 at 14. This mere suggestion does not rise to the level of alleging bias from any of the specific panelists.

*Silverton Mountain Guides LLC v. U.S. Forest Service et al.*      Case No. 3:22-cv-00048-JMK
Order Denying Plaintiff's Opening Brief Seeking Vacatur of Forest Service Decision      Page 23

Case 3:22-cv-00048-JMK   Document 100   Filed 09/20/23   Page 23 of 23