S. LANE TUCKER
United States Attorney

DUSTIN M. GLAZIER
Assistant U.S. Attorney
U.S. Attorney's Office
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, Alaska 99513-7567
Phone: (907) 271-5071
Fax: (907) 271-2344
Email: Dustin.Glazier@usdoj.gov

Attorneys for Defendant U.S. Forest Service

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| SILVERTON MOUNTAIN GUIDES LLC, an Alaska limited liability company,<br><br>                        Plaintiff,<br>  v.<br><br>U.S. FOREST SERVICE, an agency of the U.S. Department of Agriculture,<br><br>                        Defendant,<br>and<br><br>PULSELINE ADVENTURE LLC,<br><br>                        Defendant-Intervenor. | Case No. 3:22-cv-00048-SLG |

**DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S
MOTION FOR RELIEF [Dkt. 102]**

      The Defendant, U.S. Forest Service, through counsel, respectfully opposes

Plaintiff's motion for relief at Docket 102. This case was brought by Silverton Mountain

Guides ("SMG") as a challenge to the issuance of special use permits for guided helicopter skiing in the Chugach National Forest, where the U.S. Forest Service's decision was ultimately upheld by former U.S. District Court Judge Joshua Kindred's final judgment. Dkt. 100, 101.

SMG now seeks vacatur of the final judgment and reassignment to a different district court judge based on the Ninth Circuit Judicial Council's order which detailed judicial misconduct by former Judge Kindred. Dkt 102, Ex. 1. SMG alleges that Judge Kindred had a mandatory duty to recuse himself from this case because he had a personal relationship with two criminal prosecuting Assistant United States Attorneys (one his former law clerk and the other a more senior AUSA). *Id.* at 10-11. SMG argues that these relationships, which began before Judge Kindred's assignment to this case, required Judge Kindred's recusal from this and apparently every other matter handled by the entirety of the United States Attorney's Office for the District of Alaska ("USAO"), even where, as here, the two AUSAs in question were not counsel of record for the government and had no involvement at all. *Id.* at 13. SMG also argues that the USAO was required to disclose the prior relationships. *Id.* at 15. SMG argues that they are entitled to vacatur of Judge Kindred's final judgment.

This Court should reject all Plaintiff's claims. SMG had a full and fair opportunity for its administrative challenge to be heard by the Court, both through pleadings and oral argument, and nothing from Judge Kindred's misconduct was related to the outcome in this case.

Because the two AUSAs in the personal relationships with Judge Kindred were exclusively assigned to criminal matters and had no involvement in this civil case, the relationship did not require recusal. Similarly, the USAO was under no duty to disclose the prior relationships with Judge Kindred to SMG, because the two AUSAs in question had no involvement in or connection to this case. However, even had the undisclosed personal relationships mandated recusal, any error in Judge Kindred not doing so was harmless because Plaintiff was not prejudiced. Accordingly, SMG is not entitled to relief from judgment under Rule 60(b).

**PROCEDURAL HISTORY**

On March 14, 2022, SMG filed this suit challenging the August 9, 2021, decision by Defendant U.S. Forest Service, which issued special use permits to conduct guided helicopter skiing operations within the Chugach National Forest. Dkt. 1. During the entirety of this litigation, Defendant U.S. Forest Service was represented by the USAO. Specifically, Assistant United States Attorneys Siobhan McIntyre and Dustin Glazier were the only attorneys from the USAO to appear or work on this case.

On January 30, 2023, this case was reassigned from Judge H. Russel Holland to Judge Kindred. Dkt. 58. The parties then argued the dispositive motion in this matter before Judge Kindred on July 27, 2023. Subsequently, Judge Kindred entered an Order Denying Plaintiff's Opening Brief Seeking Vacatur of Defendant Forest Service's Decision on September 20, 2023 and then entered Final Judgment in favor of Defendant U.S. Forest

Service on October 2, 2023. Dkts. 100, 101.

**JUDICIAL MISCONDUCT PROCEEDINGS**

In November 2022, Ninth Circuit Chief Judge Mary H. Murguia directed a limited inquiry under the Rules for Judicial-Conduct and Judicial-Disability Proceedings. *See* Order of the Judicial Council of the Ninth Circuit in *In re Complaint of Judicial Misconduct*, Ninth Circuit Case No. 22-90121 ("Judicial Council order" or "Order") at p. 2; *see also* Dkt 102, Ex. 1 at 5. On December 27, 2022, after having determined that there was probable cause to believe that misconduct had occurred, Chief Judge Murguia identified a misconduct complaint against Judge Kindred. *Id.* at 5. The complaint alleged that Judge Kindred had created a hostile work environment for judicial employees, engaged in unwanted physical and verbal sexual conduct with a judicial clerk both during and after the clerkship, and attempted to silence those with knowledge of his misconduct. *Id.* at 5-6.

On February 3, 2023, after Judge Kindred disputed the allegations, Chief Judge Murguia appointed a Special Committee to investigate the allegations and report its findings and recommendations to the Judicial Council. *Id.* at 6. On March 4, 2024, the Special Committee issued a confidential 1,144-page report, inclusive of exhibits. *Id.* After providing Judge Kindred with an opportunity to be heard and interviewing him, the Judicial Council issued its Order finding judicial misconduct on May 23, 2024. On July 8, 2024, the Ninth Circuit made this Order public.

In the Judicial Council's Order, two Assistant United States Attorneys were implicated as having some form of a personal relationship with Judge Kindred. *Id.* at 19. The first was a former law clerk with whom Judge Kindred engaged in a "sexualized relationship" in October 2022, shortly after she joined the USAO. *Id.* The second was identified as a more senior AUSA, who engaged in "flirtatious" exchanges with Judge Kindred, which included sending him some nude photographs. *Id.*

**ARGUMENT**

    **1.    Judge Kindred's personal relationship with two AUSAs who did not represent the Defendant in this case did not require recusal.**

SMG contends that the undisclosed personal relationship between Judge Kindred and two AUSAs (one his former law clerk and the other a more senior AUSA), as described in the Judicial Council's Order, demonstrates that Judge Kindred could not be impartial and required recusal. Dkt. 102 at 19-20. This contention is wrong.

The Judicial Council's Order first describes an inappropriate, sexualized relationship between Judge Kindred and one of his law clerks who later became an AUSA with the USAO in 2022. *Id.* at 1. The Order also describes a senior AUSA with whom

Judge Kindred had a "flirtatious rapport" and from whom he received nude photographs. Dkt. 102 at 24, n.17; *see also id.* at 19, 27, 28.[1]

"Any . . . judge . . . of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). "The very purpose of § 455(a) is to promote confidence in the judiciary by avoiding even the appearance of impropriety whenever possible." *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 865 (1988). "The test under § 455(a) is whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *F.J. Hanshaw Enterprises, Inc. v. Emerald River Dev., Inc.*, 244 F.3d 1128, 1144 (9th Cir. 2001) (internal quotation marks and citations omitted). "Scienter is not an element of a violation of § 455(a). The judge's lack of knowledge of a disqualifying circumstance may bear on the question of remedy, but it does not eliminate the risk that 'his impartiality might reasonably be questioned' by other persons." *Liljeberg*, 486 U.S. at 859 (quoting 28 U.S.C. § 455(a)). "Disqualification under § 455(a) is necessarily fact-driven and may turn on subtleties in the particular case." *United States v. Carey*, 929 F.3d 1092, 1104 (9th Cir. 2019) (quoting *United States v. Holland*, 519 F.3d 909, 913 (9th Cir. 2008)).

---

[1] The Judicial Council's order is based on a report and exhibits of the Special Committee that investigated the misconduct complaint against Judge Kindred. Order at 6-7. *See* 28 U.S.C. § 360(a).

The Ninth Circuit decision in *United States v. Bosch*, 951 F.2d 1546 (9th Cir. 1991), addresses whether recusal is required under 28 U.S.C. § 455(a) because of a personal relationship between a district court judge and an attorney representing a party in litigation before that judge. The AUSA who successfully prosecuted Bosch for drug and related offenses was a former law clerk of the presiding judge, one with whom the judge "maintained a close relationship." *Id.* at 1548. During trial, the judge made remarks that, according to Bosch, demonstrated that the judge was partial towards the AUSA, including the judge commenting that the AUSA was like one of his sons, and excusing the AUSA's tardy document production as "not like" something the AUSA typically would do. *Id.* at 1549. Bosch also relied on a remark during post-trial litigation, where the judge expressed a desire to "make things easier" for the AUSA. *Id.*

On appeal, Bosch sought reversal of his conviction because of the judge's failure to recuse under 28 U.S.C. § 455(a). *Id.* at 1548. Reviewing for plain error (because Bosch had not moved for recusal in the district court despite learning of the relationship), a divided Ninth Circuit panel found that Bosch had not established prejudice or satisfied the applicable "miscarriage of justice" standard. *Id.* at 1548-49.

Judge O'Scannlain dissented. After describing both the mandatory nature of the recusal statute and the remarks upon which Bosch's claim relied, he concluded that "[t]he trial judge's comments on the record in this case demonstrate that he could not ignore his close relationship with the prosecutor, and they dispel the objective impression of neutrality." *Id.* at 1556–57 (O'Scannlain, J., dissenting). The dissent argued that the plain

*Silverton Mountain Guides LLC v. U.S. Forest Service*
Case No. 3:22-cv-00048-SLG                7

error requirements were satisfied, the conviction should be vacated, and the case remanded to the district court for a new trial before a different judge. *Id.* at 1557-58.

But here the former law clerk and the senior AUSA did not enter an appearance in SMG's case or otherwise represent the government. Neither were in the USAO Civil Division at the time, so neither participated in discussions regarding the case. Because neither had any role or any involvement in this matter, a reasonable person with knowledge of all the facts would not conclude that Judge Kindred's impartiality in SMG's case might reasonably be questioned.

To the knowledge of undersigned, there are no reported decisions addressing circumstances under which recusal was required under 28 U.S.C. § 455(a) when a judge has a personal relationship with an attorney who was not counsel representing a litigant in court (like the two AUSAs here) but is simply from the same office as the attorneys litigating the case before the judge (as was true here). But a published ethics advisory opinion interpreting a judicial ethics rule that addresses recusal and is similar to 28 U.S.C. § 455(a) is instructive.[2]

Canon 3(C)(1) of the Code of Conduct for United States Judges provides in pertinent part that:

> A judge shall disqualify himself or herself in a proceeding in which the judge's impartiality might reasonably be questioned, including but not limited to instances in which: (d) the judge or the judge's spouse, or a person

---

[2] The Judicial Code of Conduct for United States Judges is at https://www.uscourts.gov/sites/default/files/code_of_conduct_for_united_states_judges_effective_march_12_2019.pdf. Published Ethics Advisory Opinions are available at https://www.uscourts.gov/sites/default/files/guide-vol02b-ch02.pdf.

*Silverton Mountain Guides LLC v. U.S. Forest Service*
Case No. 3:22-cv-00048-SLG         8

> related to either within the third degree of relationship, or the spouse of such a person is . . . (ii) acting as a lawyer in the proceeding . . . . .

Canon 3(C)(1)(d).[3]

Published Ethics Advisory Opinion 38, which interprets this Canon, makes clear that the personal relationship between Judge Kindred and the two AUSAs described in the Judicial Council's Order did not require his recusal from this case, in which the two AUSAs had no involvement. The only situation in which the ethics opinion mandates judicial recusal "in all cases in which [a United States Attorney's Office] appears" is when a relative of the judge "serves as either the United States Attorney or Acting United States Attorney." When addressing whether a relationship between a judge and an *Assistant United States Attorney* requires recusal—the situation present here—the ethics rule provides that a federal judge should recuse from a case where the AUSA is a relative of the judge and the AUSA "has acted as an attorney in or relating to the proceeding," including by having "done any work or given any advice," or where the AUSA has "supervisory responsibility over the attorney handling a case before the judge, even if the relative is not personally involved and has no knowledge of the case." *See also* Published Ethics Advisory Opinion 58 (suggesting that recusal required when a relative of a judge has "participated in the preparation or presentation of the case before the judge").

---

[3] "[P]erson related . . . within the third degree of relationship" includes "parent, child, grandparent, grandchild, great grandparent, great grandchild, sister, brother, aunt, uncle, niece, and nephew, including "whole and half blood relatives and most step relatives." Canon 3(C)(3)(a).

*Silverton Mountain Guides LLC v. U.S. Forest Service*
Case No. 3:22-cv-00048-SLG          9

Obviously, none of these circumstances are present here. Neither of the AUSAs described in the Judicial Council's Order are relatives of Judge Kindred. Even if the relationship of one or both of them to Judge Kindred were deemed analogous to that of a "relative" under this ethics rule—requiring his recusal if either had been government counsel of record or otherwise been involved by giving advice or supervising—recusal was not required here because neither of the AUSAs did any work, gave any advice, or supervised the AUSAs who represented the government. Their mere employment in the same USAO did not require Judge Kindred's recusal under Canon 3(C)(1)(d).

The Canon's Published Ethics Advisory Opinion suggests that Judge Kindred also was not required to recuse under 28 U.S.C. § 455(a). Judge Kindred had no obligation to recuse from a case in which his former law clerk or the senior AUSA did not appear as government counsel and had no involvement. If this Court were to find recusal was required here, it would raise the specter that any federal judge with a close personal relationship with an AUSA could be disqualified from any case handled by the USAO where that AUSA was employed. Such a low recusal threshold would encourage litigants to disqualify judges as a means of forum-shopping. *See United States v. Spangle*, 626 F.3d 488, 496 (9th Cir. 2010) (in a case involving a potential threat of physical harm to a judge and his family, explaining that "[i]t is imperative that we not allow defendants to 'manipulate the system' by 'threatening every jurist assigned on the 'wheel' until the defendant gets a judge he prefer[s].'") (quoting *Holland*, 519 F.3d at 915). .

There was no judicial misconduct in Judge Kindred presiding in this case despite his undisclosed personal relationship with the AUSAs, who did not represent the government here.

2. **The United States Attorney's Office for the District of Alaska had no duty to disclose personal relationships between Judge Kindred and uninvolved AUSAs.**

SMG alleges that the USAO's representation of Defendant was improper because it was aware of a conflict of interest between Judge Kindred and two individual AUSAs. SMG contends that this conflict is imputed to the entire USAO based on Alaska Rules for Professional Conduct 1.10(a). SMG's interpretation is that Rule 1.10(a) imputes the conflicts between Judge Kindred and the two AUSAs in question to the entirety of the USAO in every matter that was before Judge Kindred. This interpretation is wrong.

First of all, Rule 1.10(a) is wrongly applied in SMG's motion. The text of the rule is quite specific, stating:

> While lawyers are associated in a firm, none of them shall knowingly represent a client when any one of them practicing alone would be prohibited from doing so by Rules 1.7 or 1.9, unless the prohibition is based on a personal interest of the prohibited lawyer and does not present a significant risk of materially limiting the representation of the client by the remaining lawyers in the firm.

Contrary to SMG's assertion, the imputation of a conflict of interest to an entire firm or organization is specific to client-based conflicts. This rule of imputed disqualification "gives effect to the principle of *loyalty to the client* as it applies to lawyers who practice in a law firm." Ak. R. Prof. C. 1.10(a), Comment 1 (emphasis added). The rule's reference to Rules 1.7 and 1.9— "Conflict of Interest: Current Clients" and "Duties to Former Clients"

*Silverton Mountain Guides LLC v. U.S. Forest Service*
Case No. 3:22-cv-00048-SLG  11

respectively—further supports a narrower application than what SMG suggests. Additionally, Comment 3 to the rule notes that this "does not prohibit representation where neither questions of client loyalty nor protection of confidential information are presented." The Alaska Rules of Professional Conduct simply do not impute a conflict of interest between a judge and an attorney to all members of that attorney's firm.

Second, even if the Court were to apply Rule 1.10 beyond client representation to all conflicts of interest, SMG's interpretation neglects that federal case law does not presume that government attorneys operate identically to private firms. *United States v. Weiner*, 578 F.2d 757, 767 (9th Cir. 1978) (noting that the free flow of information assumed to exist within law firms is not assumed for government agencies). U.S. Attorney's Offices are often required to screen, filter, and compartmentalize different attorneys and divisions in the office to prevent conflicts. *See United States v. Mapelli*, 971 F.2d 284, 287-88 (9th Cir.1992), (disqualifying two AUSAs who had been exposed to immunized testimony, but not the entire U.S. Attorney's Office). In fact, [a]n ethical wall, when implemented in a timely and effective way, can rebut the presumption that a lawyer has contaminated the entire firm." *In re Cnty. of Los Angeles*, 223 F.3d 990, 996 (9th Cir. 2000). The judicial ethics authorities are instructive in this context as well. Published Ethics Advisory Opinion 38 explains that "service as an AUSA is distinguishable from service as an attorney in a private law firm or representation of a private litigant," and makes clear that this distinction "applies in civil litigation advanced by the United States Attorney's Office." Among other distinctions, "an AUSA does not have an 'interest' in the United States Attorney's Office

in the same sense that a partner, member or shareholder may have an interest in a private law firm." This Court should not find a duty to disclose where the cited Alaska Rules of Professional Conduct do not contemplate such a duty and where the presumption of a conflict is rebutted.[4]

### 3. Had There Been Error in Judge Kindred's Failure to Recuse, It Would Be Harmless Error

Even where a defendant presents a meritorious claim that a district judge erroneously failed to recuse, relief should be denied if the error is harmless. *United States v. Arnpriester*, 37 F.3d 466, 468 (9th Cir. 1994) ("There need not be a draconian remedy for every violation of § 455(a)."). Where "there is no reasonable possibility that prejudice resulted" from a statutory violation, like a failure to recuse under 28 U.S.C. § 455(a), the error is harmless. *United States v. Rosales-Rodriguez*, 289 F.3d 1106, 1109 (9th Cir. 2002) (citation omitted). Additionally, even when there is an argument for recusal, Rule 60(b) provides only that a court "may" grant relief from judgment, making the grant "discretionary." *Sioux Tribe of Indians v. United States*, 862 F.2d 275, 279 (Fed. Cir. 1988).

---

[4] SMG also contends that "[w]here, as here, the underlying litigation involves facts or circumstances that are similar to or relate in some way to the circumstances that may trigger a judge's duty to recuse, that factor is relevant to whether the judge's impartiality might be reasonably questioned under § 455." Motion at p. 8. SMG does not explain how district judge's misconduct or failure to disclose personal relationships with AUSAs is similar to a dispute about a United States Forest Service permit. The lone decision that SMG cites in support of its "similarity" contention, *United States v. Amico*, 486 F.3d 764 (2d Cir. 2007) (involved a mortgage fraud prosecution where the defense alleged that "when the [presiding] judge applied for a loan in the 1980s, there was a relationship of some sort between the judge and [the] former employer of [a participant in the fraud scheme and government witness] . . . and that this witness may have falsified an "unsigned, unfiled loan application [for the judge]." *Id.* at 768, 776. The facts in *Amico* bear no resemblance to those here.

SMG cannot establish prejudice in Judge Kindred's failure to recuse. It points to no actual connection between Judge Kindred's misconduct and this case, other than the two criminal division AUSAs identified by the Judicial Council's order being from the same United States Attorney's office as attorneys of record in this civil matter. As the Judicial Council's Order indicates, because a personal or even intimate relationship between a judge and AUSA "is not per se improper," Judge Kindred's actions merely created "an *appearance* of impropriety" on its face with regard to the two identified AUSAs. Dkt. 102, Ex. 1 at 24 n. 16 (emphasis added). SMG's binary position leaves no room for anything other than upholding the final judgment or vacating all judgments and orders by Judge Kindred involving the USAO, from both criminal and civil matters alike, with no regard to the actual attorneys of record or even their involvement. This Court should not take such a draconian measure, given the totality of the circumstances.

**CONCLUSION**

For the reasons started above, the government respectfully requests that the Court deny SMG's motion for relief from judgment pursuant to Rule 60(b).

RESPECTFULLY SUBMITTED on this 9th day of September 2024 at Anchorage, Alaska.

S. LANE TUCKER
United States Attorney

*Silverton Mountain Guides LLC v. U.S. Forest Service*
Case No. 3:22-cv-00048-SLG           14

/s/ Dustin M. Glazier  
Assistant U.S. Attorney  
Attorney for the Defendant  
U.S. Forest Service

**CERTIFICATE OF SERVICE**
I hereby certify that on September 9, 2024,
a copy of the foregoing was served electronically to:

Ezekiel J. Williams
*Attorneys for Plaintiff Silverton Mountain Guides LLC*

Kevin R. Garden
*Attorney for Intervenor-Defendant Pulseline Adventure LLC*

/s/ Dustin M. Glazier
Office of the U.S. Attorney